FILED
2023 Nov-21  PM 01:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

**FILED**

**NOV 21 2023**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 2:23-CR-277** |
| | ) | |
| **GREGORY FILEX YADAO** | ) | |

## PLEA AGREEMENT

The Government and the defendant, **GREGORY FILEX YADAO**, hereby acknowledge the following plea agreement in this case:

## PLEA

The defendant agrees to (i) plead guilty to **COUNTS ONE, TWO, THREE,** and **FOUR** of the Indictment filed in the above-numbered and -captioned matter; (ii) consent to forfeiture as described in section **XII** below; and (iii) waive certain rights to direct appeal and collateral attack as outlined in section **IV** of this agreement. With respect to **COUNT THREE**, the defendant specifically pleads guilty in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).  In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to dismiss **COUNT FIVE** at the time of sentencing, and recommend the disposition specified below, subject to the conditions in section **VII**.

## TERMS OF THE AGREEMENT

### I.      MAXIMUM PUNISHMENT

The defendant understands that the maximum statutory punishment that may be imposed for **COUNT ONE**, Possession of a Machine Gun, in violation of Title 18, United States Code, Section 922(o), as charged in **COUNT ONE**, is:

A.      Imprisonment for not more than 10 years;

B.      A fine of not more than $250,000, or;

C.      Both A and B;

D.      Supervised release of not more than 3 years; and

E.      A special assessment of $100.

The defendant understands that the maximum statutory punishment that may be imposed for **COUNT TWO**, Possession with Intent to Distribute Methamphetamine, Heroin, Fentanyl, and Cocaine, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B), and (b)(1)(C), as charged in **COUNT TWO**, is:

F.      Imprisonment for not less than 5 years and not more than 40 years;

G.      A fine of not more than $5,000,000, or;

H.      Both A and B;

I.      Supervised release of not less than 4 years; and

J.      A special assessment of $100.

The defendant understands that the maximum statutory punishment that may be imposed for **COUNT THREE,** Use/Carry of a Firearm During and In Relation to a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i), as charged in **COUNT THREE**, is:

A.     Imprisonment for not less than 5 years and not more than life, may not be probated or run concurrently with any other sentence;

B.     A fine of not more than $250,000, or;

C.     Both A and B;

D.     Supervised release of not more than 5 years; and

E.     A special assessment of $100.

The defendant understands that the maximum statutory punishment that may be imposed for **COUNT FOUR,** Possession of a Firearm by a convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1), as charged in **COUNT FOUR,** is:

A.     Imprisonment for not more than 10 years

B.     A fine of not more than $250,000 or;

C.     Both A and B;

D.     Supervised release of not more than 3 years; and

E.     A special assessment of $100.

Defendant's Initials _____

## II. FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

On May 26, 2022, Birmingham Police Department officers responded to 108 Bankhead Highway West in Birmingham, Alabama. They were dispatched following a report that a male in a red sedan was selling drugs at that location out of his vehicle. Upon arriving, they observed a red sedan with a male sitting in the driver's seat. Because it was dark outside, they turned on their floodlights to illuminate the area. As they approached the vehicle, the male sitting in the driver's seat attempted to get out of the vehicle, and officers had to run to stop the male from fleeing. The male was quickly detained and identified as Gregory Filex YADAO. One officer looked inside the vehicle and could see a clear bag with an off-white substance on the driver's side floorboard. Based on his training and experience, the officer believed it was heroin. He also saw three small clear plastic bags sitting on the middle console area, containing a white/tan substance which he also believed to be heroin. The officer could see all these items in plain view from outside of the vehicle, and this entire interaction is captured on the officer's body worn camera. A backup officer also saw a firearm on the floorboard behind the passenger seat of the vehicle in plain view. Officers placed YADAO under arrest and searched the vehicle.

Upon searching the vehicle, officers found:

Defendant's Initials _____

- A Bersa, 9mm pistol Serial Number K94217 on the back floorboard

- A Glock 22C, .40 caliber pistol, Serial Number MNV873 with an automatic switch on the back floorboard

- Sixty rounds of assorted .40 caliber ammunition

- Seven rounds of Winchester WMA 9mm ammunition

- Suspected heroin

- Suspected crystal methamphetamine

- Suspected marijuana

- Suspected cocaine

- Suspected fentanyl

- Suspected Hydrocodone and Oxycodone pills

Officers turned all of the above over to the Bureau of Alcohol, Tobacco, and Firearms (ATF).   ATF sent the suspected drugs to the Drug Enforcement Administration (DEA) Southeast Laboratory.   DEA Laboratory results confirmed the following substances and weights:

- Heroin, 75.233 grams

- Methamphetamine, 16.45 grams of 99% pure methamphetamine for 16.28 grams of pure methamphetamine

Defendant's Initials _____

- N-phenyl-N-[1-(2-phenylethyl)-4   piperidinyl]   propenamide,   more commonly referred to as fentanyl, 7.85 grams

- Cocaine 14.11 grams

The ATF analyzed both the Bersa, 9mm pistol Serial Number K94217, and the Glock 22C, .40 caliber pistol, Serial Number MNV873 with an automatic switch. ATF Special Agent Chris Baker concluded that the black Bersa 9mm pistol is a firearm as defined in 18 United States Code 921(a)(3) and was manufactured in Argentina, thus affecting commerce.

The ATF Firearms Technology Criminal Branch examined the black Glock .40 caliber pistol with automatic switch and provided a Report of Technical Examination. Firearms Enforcement Officer Christopher Cochran concluded that the Glock is a firearm as defined in defined in 18 United States Code 921(a)(3), and that the Glock contained a "machine conversion device," making it a "machinegun" as defined in 18 U.S.C. § 921(a)(24) and 26 U.S.C. § 5845(b). The Glock was manufactured in Smyrna, Georgia, thus affecting commerce.

On May 27, 2022, ATF agents interviewed YADAO. After waiving his *Miranda* rights, YADAO stated he was sitting outside his grandmother's house when BPD officers rode by. YADAO said he believe they arrived because his child's mother called the police and told them he was selling drugs. YADAO said he attempted to "go in the house" as officers approached his vehicle, but he gave up

Defendant's Initials

and was detained.  In response to an agent asking if there was "weed, dope, fentanyl, ice" in the vehicle, YADAO responded "yea" to all of it.  The agent asked if officers found a gun in the car and YADAO stated "yea" and "yea" that the gun had a Glock switch.  YADAO went on to tell ATF agents that he purchased the Glock pistol from a juvenile in Central Park in Birmingham for $300.  YADAO said he only agreed to buy the pistol from the juvenile because it had a "Glock switch" on it.  YADAO admitted to knowing about Glock switches and said in Birmingham they were being sold alone, without the firearm for $400-$500, so he thought $300 from the juvenile with the firearm was a good deal.  He described the switch as black with the Glock logo on it.  YADAO admitted that all of the narcotics in the vehicle belonged to him.  He said he was selling drugs to support his family.  He also acknowledged his felony convictions in Alabama and Indiana.

YADAO was previously convicted of Leaving the Scene of an Accident with Injuries on August 26, 2013, in the Circuit Court of Jefferson County, Alabama, in case number CC-2013-312, and Possession of a Controlled Substance on May 23, 2016, in the Jasper Superior Court, Jasper County, Indiana, in case number 37D01-1512-F5-000912, each of the said offenses being a crime punishable by imprisonment for a term exceeding one year.

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence.  The defendant further acknowledges that these facts do**

Defendant's Initials

**not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

_____
**GREGORY FILEX YADAO**

## III.   RECOMMENDED SENTENCE

Subject to the limitations in section **VII** regarding subsequent conduct and pursuant to Fed. R. Crim. P. 11(c)(1)(B), the Government will recommend the following disposition:

A.   That the defendant be awarded a two (2) level reduction in the defendant's adjusted offense level, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. The Government agrees to make a motion pursuant to USSG §3E1.1(b) for an additional one-level decrease in recognition of the defendant's prompt notification to the Government of the intention to enter a plea of guilty. The Government may oppose any adjustment for acceptance of responsibility if the defendant: (1) fails to admit each and every item in the factual stipulation; (2) denies involvement in the offense; (3) gives conflicting statements about the defendant's involvement in the offense; (4) is untruthful with the Court, the Government, or the United States Probation Officer; (5) obstructs or attempts to obstruct justice prior to sentencing; (6) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (7) attempts to withdraw the defendant's plea of guilty for any reason other than those expressly enumerated in the "Waiver of Right to Appeal and Post-Conviction Relief" section of this Plea Agreement;

B.   That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term consistent within the advisory United States Sentencing Guideline range as calculated by the Court at the time of sentencing;

**Defendant's Initials** _____

C.   That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the Court, subject to the Court's standard conditions of supervised release;

D.   That the defendant be required to pay a fine in accordance with the sentencing guidelines should the Court determine that the defendant has the ability to pay a fine, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

E.   That the defendant be required to comply with the forfeiture provisions set forth in section XII of this agreement; and

F.   That the defendant pay a special assessment of $400, said amount due and owing as of the date sentence is pronounced.

## IV.   WAIVERS

A.   STATUTE OF LIMITATIONS WAIVER

**In consideration of the recommended disposition of this case, I, GREGORY FILEX YADAO, hereby understand, acknowledge, and agree that if this plea agreement is set aside for any reason, I will not assert any defense based on any applicable statute of limitations or the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, that includes the passage of time from and including the date of this plea agreement until and including the date of entry of any order setting this plea agreement aside.**

B.   RIGHT TO APPEAL AND POST-CONVICTION RELIEF

**In consideration of the recommended disposition of this case, I, GREGORY FILEX YADAO, hereby waive and give up my right to appeal my**

Defendant's Initials _____

conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the Court might impose.  Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute(s) to which I am pleading guilty is or are unconstitutional or (2) the admitted conduct does not fall within the scope of the statute(s).

The defendant reserves the right to contest in an appeal or post-conviction proceeding(s) the following:

1. Any sentence imposed in excess of the applicable statutory maximum sentence(s);

2. Any sentence imposed in excess of the Guidelines range determined by the Court at the time sentence is imposed; and

3. Ineffective assistance of counsel.

The defendant acknowledges that before giving up these rights, the defendant discussed the United States Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction.  The defendant further

Defendant's Initials _____

acknowledges and understands that the Government retains its right to appeal where authorized by statute.

I, GREGORY FILEX YADAO, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

_____

GREGORY FILEX YADAO

## V.   UNITED STATES SENTENCING GUIDELINES

The defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in *United States v. Booker*, the federal sentencing guidelines are **advisory** in nature.  Sentencing is in the Court's discretion and is not required to be within the guideline range.  The defendant agrees that, pursuant to this agreement, the Court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and the defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI.   AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the defendant and that any sentence recommended by the Government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the Government's recommendation.  Further,

the defendant understands that if the Court does not accept the Government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII.    VOIDING OF AGREEMENT

The defendant understands that if the defendant (a) violates any federal, state, or local law or any condition of pretrial release after entering into this plea agreement, (b) moves the Court to accept a plea of guilty in accordance with, or pursuant to, the provisions of *North Carolina v. Alford*, 400 U.S. 25 (1970), (c) tenders a plea of *nolo contendere* to the charges, (d) violates any other term of this plea agreement, and/or (e) does or says anything that is inconsistent with the acceptance of responsibility, the plea agreement will become NULL and VOID at the election of the United States, and the United States will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.  Further, such election will not entitle the defendant to withdraw a previously entered plea.

## VIII.    OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## IX.    COLLECTION OF FINANCIAL OBLIGATION

Defendant's Initials

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to:

- fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party;

- promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs;

- identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years, or in which the defendant has or had during that time any financial interest;

- take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant;

- undergo any polygraph examination the Government may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

The defendant further agrees that the above information, as well as any of the defendant's financial statements and disclosures, will be complete, accurate, and truthful. Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

Defendant's Initials

X.      **AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION**

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors, which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any and waives objection to the inclusion of that restitution in any order issued by the Court.

XI.     **TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS**

Unless otherwise specified herein, the defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to the defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

Defendant's Initials _____

## XII.     FORFEITURE

The defendant agrees to consent to the entry of a final forfeiture judgment against the defendant, pursuant to Fed. R. Crim. P. 32.2(b)(1), of all firearms and ammunition involved in or used in the commission of the offenses in **COUNTS ONE, TWO, THREE, AND FOUR** of the Indictment, including: a Bersa 9mm pistol, bearing serial number K94217, and a Glock 22C .40 caliber pistol with a Glock conversion device installed enabling it to fire automatically more than one shot, without manual reloading, by a single function of the trigger, being a machinegun, bearing serial number MNV873, and any accompanying magazines and ammunition.  For purposes of entering said order of forfeiture, the defendant acknowledges that a nexus exists between said firearm(s) and the criminal offense(s) to which the defendant is pleading guilty.

The defendant agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the Government, and to testify truthfully in any judicial forfeiture proceeding.  The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 regarding notice of the forfeiture in the Indictment, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  The defendant also waives the requirements of Fed. R. Crim. P. 43(a) with respect to the imposition of any forfeiture sanction carried out in accordance

**Defendant's Initials** _____

with this plea agreement. The defendant acknowledges that the defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Fed. R. Crim. P. 11(b)(1)(J), at the time the defendant's guilty plea is accepted.

The defendant further waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including any Double Jeopardy challenges that the defendant may have to the entry of a Forfeiture Order before sentencing, and any claims, defenses or challenges arising under the Excessive Fines Clause of the Eighth Amendment resulting from the forfeiture imposed as a result of this Indictment and/or any pending or completed administrative or civil forfeiture actions based upon the course of conduct that provides the factual basis for the forfeiture.

### Non-Abatement of Criminal Forfeiture

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding

upon the defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. To the extent that forfeiture pursuant to this agreement requires the defendant to disgorge wrongfully obtained criminal proceeds for the benefit of the defendant's victims, the defendant agrees that the forfeiture is primarily remedial in nature.

## XIII.    IMMIGRATION STATUS

The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. The defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States if the defendant is not a citizen of the United States. Removal and other immigration consequences are the subject of a separate proceeding, however; and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Understanding all of this, the defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that plea may entail, even if the consequence is automatic removal from the United States.

## XIV.    DEFENDANT'S ACKNOWLEDGEMENT

Defendant's Initials

I have read and understand the provisions of this plea agreement consisting of **20** pages.  I have discussed the case and my constitutional and other rights with my lawyer.  I am satisfied with my lawyer's representation in this case.  I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence on my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence.  I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO PROMISES OR REPRESENTATIONS OTHER THAN THOSE IN THE AGREEMENT HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:

None

I understand that this plea agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this plea agreement and have signed the signature line below to indicate that I have read,

understand, and approve all of the provisions of this plea agreement, both
individually and as a total binding agreement.

_____
DATE

_____
**GREGORY FILEX YADAO**
Defendant

**Defendant's Initials**_____

XV.    **COUNSEL'S ACKNOWLEDGMENT**

I have discussed this case with my client in detail and have advised my client of all of my client's rights and all possible defenses.  My client has conveyed to me that my client understands this plea agreement and consents to all its terms.  I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment.  I concur in the entry of the plea agreement on the terms and conditions set forth herein.

11/21/2023
DATE

ALISON WALLACE
Defendant's Counsel

XVI.    **GOVERNMENT'S ACKNOWLEDGMENT**

I have reviewed this matter and this plea agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

Prim F. Escalona
United States Attorney

11/21/2023
DATE

Brittany T. Byrd
Assistant United States Attorney

Defendant's Initials